**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHY R. FREEMAN, | No. 17-35108 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05050-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding**

Submitted November 15, 2019 ***

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

Kathy Freeman appeals the district court's order affirming the Social

Security Administration's denial of disability benefits. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and the agency's decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ gave specific clear and convincing reasons supported by substantial evidence for finding that Freeman was not entirely credible. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (setting forth the clear and convincing standard). Freeman lied to the ALJ and her medical providers about her illegal drug use. *Id.* at 959. Her poor work and earnings history undermined her credibility. *Id.* Finally, Freeman's claim that multiple daily panic attacks prevented her from going to work was inconsistent with her daily living activities. *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 878 n.2 (9th Cir. 2016) (noting that the ability to take public transportation is a daily activity that may be considered to determine social functioning, including limitations caused by panic attacks). Any error in considering criminal history would be harmless in light of the other well-supported findings. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ did not err by giving great weight to the opinion of Lisa Garrison, M.D., who examined Freeman and opined that Freeman could perform light work. Dr. Garrison's uncontroverted opinion was supported by physical examination

findings and consistent with the imaging report and the assessment of Norman Staley, M.D., who reviewed the record and similarly opined that Freeman could perform light work.

The ALJ gave specific and legitimate reasons supported by substantial evidence for giving little weight to the opinion of Ann Miner, Psy.D, who examined Freeman and opined that depression and panic attacks would cause Freeman to miss multiple days of work a week. Freeman lied to Dr. Miner, who in turn heavily relied on Freeman's unreliable, subjective statements that panic attacks and depression prevented her from going to work. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Finally, any error in failing to specifically address statements of the agency intake worker and a former supervisor was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1114, 1122 (9th Cir. 2012) (holding that any error is harmless if the evidence would not change the decision or if the testimony describes limitations already described by the claimant when the ALJ's reasons for rejecting the claimant's testimony equally apply to the lay testimony).

**AFFIRMED.**